

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

Fee Paid

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>  vs.<br><br>LA GREEN DEVELOPMENT, INC.<br>DBA SOCAL ENERGY POWER,<br><br>    Defendant. | Case No.:   2:22-cv-00410-JFW-Ex<br><br><br>COMPLAINT FOR:<br>VIOLATIONS OF THE TELEPHONE<br>CONSUMER PROTECTION ACT, 47<br>U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendant LA Green Development Inc., doing business as Socal Energy Power, "Defendant" and alleges based on personal knowledge and information and belief, as follows:

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 1

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).*

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendant to obtain business via itself or affiliates making telemarketing calls in an effort to solicit business, specifically, to improve homes through the solicitation of its contractor services.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 2

5. This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of California. Specifically, Defendant's website states "[a]t Socal Energy Power, we are committed to providing the most cost effective energy efficient improvements for your home or business. Our professional team has broad knowledge of your community's current rebate programs and incentives from the City / State." Defendant also has a California Contractor's License and at least one location in the state. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

### **PARTIES**

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

8. Defendant LA Green Development Inc., doing business as Socal Energy Gas, ("LAGD") or ("Defendant") is a California Domestic Stock entity, with a principal entity address of 15260 Ventura Blvd. #840, Sherman Oaks, CA 91423, and a registered agent of Liran Zorella at the same address.

9. Defendant is a person as defined by 47 U.S.C. § 153(39).

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 3

10. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

11. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

12. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

14. [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 4

received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

15. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

## **FACTUAL ALLEGATIONS**

16. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

17. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

18. Plaintiff is the account holder and customary user of his phone number.

19. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 5

20. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

21. Defendant is an organization that among other things places telemarketing calls to individuals in order to get them to contract their services to make improvements to their home. Defendant solicits the services of itself and any vendors and affiliates via telemarketing.

22. **Call 1.** On December 2, 2021, at 3:58 PM, Plaintiff received a telephone call from Defendant, from 760-400-7885.

23. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by an "Estefania Flores" speaking in Spanish who began soliciting the services of Defendant.

24. When asked by Plaintiff who Defendant worked for, Ms. Flores stated it was for "Hogar Ecologico" and when asked to provide a website, she refused.

25. Eventually, Ms. Flores terminated the telephone call.

26. **Call 2.** Sometime after Call 1, but before Call 3, Defendant called Plaintiff again, for the purpose of soliciting Defendant's services. Similar to call 1, the call consisted of a beep, followed by a pause.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 6

27. **Call 3.** On January 20, 2022, at 1:11 PM Chicago time, Plaintiff received a telephone call from Defendant, from 818-296-4826. **Exhibit 2.**

28. Call 3 consisted of a beep, followed by a pause, followed by a "Gilda" who introduced herself as working for "Socal Energy" regarding energy efficiency upgrades for a home. Specifically she was offering services such as roofing, insulation, AC, heaters, and more.

29. Gilda provided a callback number of 213-304-7354.

30. When queried, Gilda provided a website over the telephone of "socalnig.com."

31. **Call 4.** After being told that the website did not resolve to anything, and the call ended, Gilda texted Plaintiff, without his consent, from 213-304-7354, stating "Hello mr Rojas this is Gilda with SoCal Energy the I already checked the wave site and it is working so I'm gonna send it to you so you can take a look Socalnrg.com." **Exhibit 3.**

32. Plaintiff then identified Defendant as the indispensable party identified in this action.

33. The above calls and text were made by Defendant for the purpose of soliciting the purchase or the sale of a product or service, specifically,

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 7

home improvement and construction services, without the required consent from Plaintiff.

34. All calls were similar in nature – soliciting the same kind of services and around a similar time period.

35. Defendant masked its telephone number to not reveal its true telephone number.

36. The conduct alleged in this action was made willful and knowingly, for reason including that the caller did not identify himself by name or entity, in order to obfuscate who they were, and the use of Caller ID masking.

37. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

38. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

39. Plaintiff did not have a prior business relationship with Defendant.

40. Defendant did not have any consent to call Plaintiff.

41. Defendant is not an organization exempt from the TCPA.

42. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 8

43. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

44. Upon information and belief, Plaintiff received additional calls from Defendant's and its affiliates not included above.

45. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

46. Defendant made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

47. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

48. In total, Defendant and/or its affiliates placed at least four (4) telephone solicitation calls and/or texts to Plaintiff.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 9

49. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

50. Defendant has a pattern and/or practice of failing to comply with the TCPA.

51. The foregoing acts and omissions were in violation of the TCPA.

52. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

53. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

55. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 10

56. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

57. Plaintiff is also entitled to an award of costs.

58. Defendant's calls were not made for "emergency purposes."

59. Defendant's calls to Plaintiff were made without any prior express written consent.

60. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.

61. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

62. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

63. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 11

64. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## **COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)**

65. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

66. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least three (3) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

67. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

68. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 12

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, in an amount of $4,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2. Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

69. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

70. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

71. Defendant called or texted Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

72. The TCPA allows some texts to be considered a call for the purposes of the TCPA.

73. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant's by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 13

74. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3. Violation concerning Identification of Sellers and Telemarketers, 47 C.F.R. § 64.1200(d)(4)

75. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

76. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached.

77. Defendant violated this provision during the telephone calls by not identifying itself adequately during some of the telephone calls it made.

78. Plaintiff was statutorily damaged at least two (2) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 14

the amount of $500.00 for each of the two (2) telephone calls which Defendant did not identify itself properly.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendant, in an amount of $1000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $11,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 15

F. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: January 20, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

COMPLAINT FOR: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 - 16

# EXHIBIT 1

# EXHIBIT 1

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                                           Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

*****************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2

**Call**

ct

Contact

ng Contact

# EXHIBIT 3

# EXHIBIT 3